Eric TEST; Odelia Braun, Petitioners—Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.

No. 01–71283.

Tax Court No. 4907–99.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2002.

Decided Oct. 1, 2002.

---

Before KOZINSKI and KLEINFELD, Circuit Judges, and BEISTLINE,* District Judge.

MEMORANDUM **

Eric Test and Dr. Odelia Braun (hereinafter Dr. Braun) appeal the Tax Court's decision finding a $24,647 deficiency in their 1994 federal income tax. The Tax Court determined that certain legal fees incurred by Dr. Braun were deductible only as unreimbursed employee business expenses; i.e., below-the-line deductions. We affirm.

"The deductibility of legal fees depends on the *origin* and character of the claim for which the expenses were incurred and whether the claim bears a sufficient nexus to the taxpayer's business or income-producing activities." *Test v. Comm'r,* T.C.M.(RIA) 2000–362 (2000) (*citing United States v. Gilmore,* 372 U.S. 39, 83 S.Ct. 623, 9 L.Ed.2d 570 (1963)) (emphasis added). Indeed, "the *origin* and character of the claim with respect to which an expense was incurred, *rather than its potential consequences upon the fortunes of the taxpayer,* is the controlling basic test of whether the expense was 'business' or 'personal' and hence whether it is deductible or not [as an above-the-line business expense]." *Gilmore,* 372 U.S. at 49, 83 S.Ct. 623 (emphasis added). The relevant "claim," for purposes of applying the "origin of the claim" standard, is the underlying event that gave rise to the legal expenses. *Keller St. Dev. Co. v. Comm'r,* 688 F.2d 675, 680 (9th Cir.1982).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Thus, the issue before the Tax Court was not whether Dr. Braun sought legal advice because she was a University of California at San Francisco (UCSF) employee or because she was a concerned Schedule C business owner. Instead, the Tax Court was required to look to the event that prompted Dr. Braun to seek legal services. *Gilmore*, 372 U.S. at 49, 83 S.Ct. 623. If the origin of those legal services was rooted in Dr. Braun's Schedule C business, she could have deducted the legal services on her Schedule C. The Tax Court concluded that it was not. We review this factual finding for clear error. *Keller St. Dev. Co.*, 688 F.2d at 678.

While it *may* be true that Dr. Braun would not have contacted attorneys but for her concern for her Schedule C business, the Tax Court was required to look to the origin of the underlying claim, not the consequences. *Gilmore*, 372 U.S. at 47–49, 83 S.Ct. 623. It did exactly that.

The Tax Court found that, "[t]he *origin* of the claim herein was not in the [Schedule C] trade or business ... but rather in [Dr. Braun's] activities as an employee of UCSF." *Test v. Comm'r*, T.C.M. (RIA) 2000–362 (2000) (emphasis added). This finding was not clearly erroneous in light of the evidence in the record. Therefore, the Tax Court was correct in concluding that Dr. Braun's legal fees were deductible as unreimbursed employee business expenses; i.e., below-the-line deductions.

AFFIRMED.