T.C. Memo. 2006-13

UNITED STATES TAX COURT

CHRISTINE KENTON & GREG BRADEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5535-04.                    Filed January 31, 2006.

<u>Edward T. Perry</u>, for petitioners.

<u>Catherine G. Chang</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined a deficiency in
petitioners' 2001 Federal income tax and a penalty as follows:

| Deficiency | Sec. 6662(a) Penalty |
| --- | --- |
| $32,804 | $6,561 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All references to petitioner in the singular are to petitioner Christine Kenton.

The primary issue remaining for decision is whether petitioner's legal fees relating to an employment discrimination lawsuit are deductible by petitioners on a Schedule A, Itemized Deductions, or on a Schedule C, Profit or Loss From Business, of petitioners' 2001 joint Federal income tax return. If deductible on petitioners' Schedule C, the deduction for the legal fees would avoid being reduced by the pernicious alternative minimum tax (AMT) and by the 2-percent floor generally applicable to miscellaneous itemized deductions.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioners resided in Covelo, California.

Beginning in the fall of 1995, petitioner was employed for 2 years by a television production company (Company). On or about January 23, 1998, petitioner was terminated by the Company.

On May 28, 1998, petitioner entered into a contingent fee agreement with an attorney under which petitioner was obligated to pay the attorney 40 percent of amounts recovered in connection

with a lawsuit to be filed against the Company relating to petitioner's termination.

On January 21, 1999, petitioner's lawsuit was filed against the Company in the Superior Court of the State of California, seeking compensatory damages for wrongful termination, for discrimination, and for intentional infliction of emotional distress and seeking punitive damages.

On December 27, 2000, after binding arbitration in the lawsuit, $756,392 in damages was awarded to petitioner, consisting of $284,367 for backpay, $322,025 for frontpay, and $150,000 for emotional distress. Petitioner was not awarded punitive damages.

On March 15, 2001, petitioner and the Company agreed that the Company would pay petitioner the $756,392 arbitration award in installments over a period of 3 years.

During 2001, the Company, as installment payments on the damage award, issued checks in favor of petitioner in the total amount of $148,744 and mailed the checks to petitioner's attorney. After subtracting therefrom $59,498 for legal fees, in 2001 petitioner's attorney transferred to petitioner a net of $89,246.

In early 2002, on a 2001 Form 1099-MISC, Miscellaneous Income, the Company reported to petitioner and to respondent that

the Company had paid petitioner in 2001 the above $148,744 as nonemployee compensation.

On April 3, 2002, petitioners signed and filed with respondent their 2001 joint Federal income tax return on which petitioners reported no income and no legal fees with respect to petitioner's employment discrimination lawsuit and the arbitration award.

On October 6, 2003, respondent mailed to petitioners a 30-day letter proposing to include in petitioners' income for 2001 the $148,744 reflected by the payments made by the Company in 2001 on the arbitration award.  Also, in the 30-day letter, respondent, apparently for lack of substantiation, proposed to deny petitioners any deduction for legal fees relating to the arbitration award.

On February 2, 2004, respondent mailed to petitioners a notice of deficiency in which respondent treated as petitioner's "other income," not as Schedule C income, the $148,744 the Company paid in 2001 on the arbitration award and in which respondent, for apparent lack of substantiation, did not allow any deduction for legal fees relating to the arbitration award.

On February 3, 2004, petitioners signed and filed with respondent an amended joint Federal income tax return for 2001 on which petitioners reported as income on a Schedule C the $148,744

paid on the arbitration award in 2001. Petitioners do not now contest that the $148,744 constitutes income to petitioner.

Also, on the Schedule C to petitioners' amended 2001 joint Federal income tax return, petitioners claimed a business expense deduction of $65,676 in legal fees relating to the lawsuit and the arbitration award.

Further, on petitioners' amended 2001 joint Federal income tax return, petitioners claimed additional itemized deductions in the total amount of $8,520 relating to business use of petitioners' home, travel expenses, business expenses, real estate taxes, and charitable contributions.

Respondent now concedes that petitioner incurred $59,498 in legal fees relating to the arbitration award, and respondent would treat the $59,498 as miscellaneous itemized deductions, not as Schedule C business expenses, and as subject to the AMT and to the 2-percent floor.

Respondent also determined against petitioner an accuracy-related penalty of $6,561.[1]

OPINION

Generally, legal fees are deductible on a Schedule C only if the matter with respect to which the fees were incurred

---

[1] The tax treatment by petitioners and by respondent of portions of the $756,392 arbitration award which were paid by the Company in 2002 and 2003 are not in issue in this case.

originated in the taxpayer's trade or business and only if the claim is sufficiently connected to that trade or business. See United States v. Gilmore, 372 U.S. 39 (1963); Biehl v. Commissioner, 118 T.C. 467, 479 (2002), affd. 351 F.3d 982, 985 (9th Cir. 2003); Test v. Commissioner, T.C. Memo. 2000-362, affd. 49 Fed. Appx. 96 (9th Cir. 2002).

Generally, expenses not incurred in a trade or business activity but in the production or collection of income are deductible only as miscellaneous itemized deductions on a Schedule A. Secs. 67(b), 212(1).

Also, miscellaneous itemized deductions of individuals, as defined by section 67(b), are not allowable for purposes of the AMT and are subject to a 2-percent floor. Secs. 56(b)(1)(A)(i), 67(a).

In seeking to avoid application of the AMT and the 2-percent floor to the 2001 legal fees relating to petitioner's arbitration award, petitioners argue that the $148,744 in income relating to petitioner's arbitration award should be treated as income from a trade or business, reportable on petitioners' Schedule C, and therefore that the related legal fees also should be deductible on the Schedule C and not be subject to the AMT and to the 2-percent floor.

It is well established, however, that, even though a taxpayer's employee status may be regarded as a trade or

business, legal fees stemming from a taxpayer's employee status are not deductible in computing adjusted gross income but are to be treated only as miscellaneous itemized deductions, subject to the AMT and to a 2-percent floor.  See sec. 62(a)(1); see also McKay v. Commissioner, 102 T.C. 465, 493 (1994), revd. on other grounds 84 F.3d 433 (5th Cir. 1996); Test v. Commissioner, supra; Alexander v. Commissioner, T.C. Memo. 1995-51, affd. 72 F.3d 938 (1st Cir. 1995).

It is undisputed that the origin of the claim with respect to which the Company paid the $148,744 relating to the arbitration award stemmed from petitioner's status as an employee of the Company.  Therefore, the related legal fees incurred by petitioner are not deductible on petitioners' Schedule C.

We conclude that the legal fees of $59,498 petitioner paid to her attorney relating to the arbitration award are deductible only on petitioners' Schedule A, are subject to the AMT, and are subject to the 2-percent floor on miscellaneous itemized deductions.[2]

---

[2]  We understand that the application of the alternative minimum tax (AMT) and the 2-percent floor effectively will eliminate most of the tax benefit of petitioners' Schedule A deduction for the legal fees.  Sec. 56(b)(1)(A)(i).  We also note that, under the American Jobs Creation Act of 2004, Pub. L. 108-357, sec. 703, 118 Stat. 1546, sec. 62(a) was amended, effective Oct. 22, 2004, and legal fees relating to certain discrimination lawsuits (including lawsuits similar to petitioner's lawsuit against the Company) paid after Oct. 22, 2004, with respect to any judgment or settlement occurring after that date are allowed
(continued...)

As indicated, petitioners also claim that petitioner paid a total of $65,676, not $59,498, in legal fees to her attorney relating to the arbitration award that should be deductible. Respondent argues that petitioner has substantiated only $59,498 (resulting in a difference of $6,178).

Generally, taxpayers bear the burden of proving that they are entitled to deductions claimed. See New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934); Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Petitioners herein offered no credible evidence to substantiate that the legal fees paid in 2001 relating to the arbitration award exceeded $59,498. The burden of proof with respect to the additional $6,178 in legal fees is not shifted to respondent and remains on petitioners. Sec. 7491(a)(1) and (2); Rule 142(a).

Also, petitioners provided neither records nor any credible evidence relating to the $8,250 in additional itemized deductions claimed on their 2001 amended tax return. The burden of proof with respect thereto remains on petitioners.

---

[2](...continued)
as a deduction in computing adjusted gross income, with the result that they are not subject to the AMT, and are not subject to the 2-percent floor. Unfortunately for petitioners, however, amended sec. 62(a) is not retroactive and does not apply to petitioners' 2001 Federal income tax. See Commissioner v. Banks, 543 U.S. 426, ___, 125 S. Ct. 826, 831 (2005).

We sustain respondent's disallowance of the $6,178 in additional legal fees relating to the arbitration award and the $8,520 in additional itemized deductions.

Respondent has asserted against petitioners a substantial understatement penalty with respect to the failure of petitioners to report as income on their original 2001 joint Federal income tax return the $148,744 that was paid on the arbitration award in 2001.

Under section 6662, a substantial understatement of tax exists if the amount of the understatement of income tax exceeds the greater of: (1) 10 percent of the tax required to be shown on the return; or (2) $5,000. Sec. 6662(d)(1)(A).

Respondent has satisfied his burden of production under section 7491(c) because respondent has shown that petitioners, on their 2001 joint Federal income tax return, understated their tax by more than 10 percent and by more than $5,000 by failing to report the $148,744 arbitration award as income.

Under sections 6662(d)(2)(B)(i) and 6664(c)(1), the amount of a tax understatement may be reduced by the portion thereof that is attributable to substantial authority or to reasonable cause and good faith.

Although petitioners now concede that the entire $148,744 is includable in income, we find that petitioners had reasonable cause for the treatment of the portion thereof (namely, $59,498)

that represents the contingent legal fees paid to petitioner's attorney. In Commissioner v. Banks, 543 U.S. 426 (2005), the Supreme Court just recently concluded that legal fees incurred by taxpayers under contingent fee agreements could not be excluded from gross income.

Also, in Test v. Commissioner, T.C. Memo. 2000-362, we relieved a taxpayer of an accuracy-related penalty relating to the taxpayer's erroneous placement of legal costs on a Schedule C, instead of on a Schedule A.

On the facts of this case and in our discretion, we believe it inappropriate to apply the section 6662(a) accuracy-related penalty to the $59,498 portion of the arbitration award that was used to pay legal fees.

With regard to the accuracy-related penalty applicable to the $89,246 balance of the arbitration award paid by the Company in 2001 ($148,744 less $59,498 equals $89,246), petitioners claim that an enrolled agent advised them in 2001 that the arbitration award was not includable in their income. Petitioners, however, failed to call the enrolled agent as a witness. See Hann v. Venetian Blind Corp., 111 F.2d 455 (9th Cir. 1940); Wichita Terminal Elevator v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).

Respondent's imposition of the section 6662(a) accuracy-related penalty with respect to the $89,246 portion of the arbitration award in excess of the 2001 legal fees is sustained.

Petitioners also argue that, for purposes of section 6662(a), any understatement of tax should be calculated with respect to their amended tax return, not their original tax return. Under section 1.6664-2T(c)(2), Temporary Income Tax Regs., 56 Fed. Reg. 67505 (Dec. 31, 1991), however, an amended tax return can be used to determine a taxpayer's underpayment for purposes of section 6662(a) only if the amended return is filed before the taxpayer is first contacted by respondent with respect to the year involved. As we have found, respondent contacted petitioners no later than October 6, 2003, and petitioners did not file their amended 2001 joint Federal income tax return until February 3, 2004.

We have considered all arguments made herein, and, to the extent not addressed, we conclude that they are without merit or are irrelevant.

To reflect the foregoing,

Decision will be entered

under Rule 155.