T.C. Summary Opinion 2010-26

UNITED STATES TAX COURT

JAMES L. AND BARBARA B. PURDY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26679-08S.                 Filed March 8, 2010.

James L. Purdy and Barbara S. Purdy, pro se.

<u>Matthew A. Houtsma</u>, for respondent.

KROUPA, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,

_____

[1]All section references are to the Internal Revenue Code
(Code), and all Rule references are to the Tax Court Rules of
Practice and Procedure, unless otherwise indicated.

and this opinion shall not be treated as precedent for any other case.

Respondent determined a $42,000 deficiency in petitioners' Federal income tax for 2003. The sole issue before this Court is whether legal expenses incurred by petitioner James Purdy (Mr. Purdy) are deductible as business expenses on Schedule C, Profit or Loss From Business, or as unreimbursed employee business expenses on Schedule A, Itemized Deductions. We find the legal fees are deductible as unreimbursed employee business expenses on Schedule A.

<u>Background</u>

Some of the facts have been stipulated and are so found. The stipulations of fact and settled issues and their accompanying exhibits are incorporated by this reference. Petitioners resided in Montana at the time they filed the petition.

Mr. Purdy is a financial adviser. Mr. Purdy began his career at D.A. Davidson & Company (D.A. Davidson), a regional financial consulting firm. Mr. Purdy was the top-producing broker for D.A. Davidson, establishing a substantial number of clients with assets worth approximately $70 million. Mr. Purdy's success led to a job offer from top-tier financial firm Merrill Lynch (Merrill). Mr. Purdy left D.A. Davidson to work for Merrill in 2000.

Julie McHenry (Ms. McHenry) joined Mr. Purdy in his move to Merrill. Ms. McHenry had worked as an administrative assistant to Mr. Purdy while at D.A. Davidson, though she had also assisted other brokers at the firm. Ms. McHenry accepted a registered client associate position at Merrill shortly after passing her "series seven" stockbroker examination. Ms. McHenry never acted as a financial adviser at either D.A. Davidson or Merrill.

Mr. Purdy and Merrill entered into two different agreements, both of which explicitly referred to his employment with Merrill. Merrill provided Mr. Purdy health and life insurance, as well as a 401(k) retirement plan, and withheld Federal, State, and FICA taxes from his pay. Merrill paid him a salary and issued Forms W-2, Wage and Tax Statement, to him for 2000, 2001, 2002, and 2003. Mr. Purdy reported the wages from Merrill and never filed a Schedule C nor paid self-employment taxes related to his income from Merrill. In addition, Mr. Purdy claimed unreimbursed employee business expenses on returns for the three years before the year at issue as a financial adviser for Merrill.

Merrill consistently treated Mr. Purdy as an employee. Merrill provided him office space, furniture, clerical staff, training, and computer systems. Merrill had the right to review and conduct performance evaluations of Mr. Purdy's work. Merrill also retained the right to fire Mr. Purdy. Mr. Purdy had a Merrill email account and was featured on the company's Web site.

Mr. Purdy held himself out to others as employed by Merrill and used the company's name to market himself to clients.

Ms. McHenry received benefits similar to Mr. Purdy's. Both D.A. Davidson and Merrill paid her wages and treated her as an employee. Ms. McHenry received a salary that included a certain percentage of commissions from Mr. Purdy and other brokers. Merrill and D.A. Davidson also retained the right to fire her.

Mr. Purdy became disenchanted with Merrill after working for the firm for three years. Mr. Purdy claimed Merrill failed to provide him with the fees and facilities promised in the initial employment agreement. Mr. Purdy hired an attorney and filed a personal claim for arbitration against Merrill with the National Association of Securities Dealers, Inc. (NASD) Dispute Resolution Group. The claim alleged Merrill had fraudulently induced Mr. Purdy to leave his employment with D.A. Davidson. Merrill subsequently fired Mr. Purdy and Ms. McHenry.

Mr. Purdy then filed another arbitration claim against Merrill asserting wrongful termination and retaliatory discharge. NASD awarded Mr. Purdy $393,165 for the first claim and dismissed his second claim. Merrill issued a W-2 for this payment, and Mr. Purdy reported the entire award as wages on petitioners' income

tax return for 2003.  Mr. Purdy paid $120,000 of this amount to his attorney during 2003.[2]

After being terminated from Merrill, Mr. Purdy and Ms. McHenry established Purdy-McHenry Investments, LLP (PMI), a partnership providing financial advisory services.  Mr. Purdy and Ms. McHenry signed a formal partnership agreement and filed a partnership return on behalf of PMI.  Mr. Purdy had not filed a tax return or any partnership before PMI's inception in 2002.

Petitioners deducted $120,000 in legal expenses incurred from Mr. Purdy's claim against Merrill and reported only $1,717 in gross receipts on Schedule C of their return for 2003.  The gross receipts represent interest paid on the Merrill award. Respondent disallowed the legal expenses deducted on Schedule C but allowed a deduction on Schedule A for unreimbursed employee business expenses subject to the 2 percent of adjusted gross income floor under section 67.  Petitioners timely filed a petition contesting the deficiency notice.

## Discussion

We must determine whether the legal fees Mr. Purdy paid to successfully sue his former employer are deductible in full as ordinary and necessary business expenses or whether they are deductible as unreimbursed employee business expenses on Schedule

---

[2]Had the payment been made after Oct. 22, 2004, the effective date of sec. 62(a)(19), the payment might be deductible from gross income in computing adjusted gross income.

A.  Schedule A expenses are subject to the 2 percent of adjusted gross income floor and the alternative minimum tax.  Sec. 67.

We begin with the burden of proof.  The Commissioner's determinations are generally presumed correct, and the taxpayer bears the burden of proving otherwise.  Rule 142(a).  Section 7491(a) shifts the burden of proof to the Commissioner in certain situations.  Petitioners do not argue that the burden of proof shifts to respondent under section 7491(a) and have not shown that the threshold requirements of section 7491(a) were met.  In any event, we decide the issues involving whether petitioners may deduct the legal expenses as business expenses on Schedule C on a preponderance of the evidence standard, and the burden of proof does not affect the outcome.

We now focus on the deductibility of legal expenses. Taxpayers may deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  Sec. 162(a).  Legal expenses paid as ordinary and necessary expenses may be deductible on Schedule C when the matter generating the expense arises from, or is proximately related to, a business activity other than employment.  Test v. Commissioner, T.C. Memo. 2000-362, affd. 49 Fed. Appx. 96 (9th Cir. 2002); see Bagley v. Commissioner, 8 T.C. 130, 134 (1947). A taxpayer generally must report on Schedule A legal expenses attributable to the taxpayer's service as an employee.  Sec.

62(a)(1); <u>McKay v. Commissioner</u>, 102 T.C. 465, 493 (1994), vacated on other grounds 84 F.3d 433 (5th Cir. 1996); <u>O'Malley v. Commissioner</u> 91 T.C. 352, 363-364 (1988); <u>Test v. Commissioner</u>, <u>supra</u>.

The question becomes whether Mr. Purdy was an employee of Merrill. Mr. Purdy contends that he was never an employee of Merrill. Instead, Mr. Purdy claims that he deducted the fees on Schedule C because they resulted from a partnership with Ms. McHenry. Respondent counters that Mr. Purdy was an employee at Merrill and that no partnership existed between Mr. Purdy and Ms. McHenry during Mr. Purdy's employment at Merrill.

We now look to whether Mr. Purdy was an employee. Whether an employer-employee relationship exists is a factual question determined by common law principles. <u>Nationwide Mut. Ins. Co. v. Darden</u>, 503 U.S. 318, 323 (1992); <u>Weber v. Commissioner</u>, 103 T.C. 378, 386 (1994), affd. 60 F.3d 1104 (4th Cir. 1995). The Court considers the degree of control exercised by the principal over the details of the work, which party invests in the facilities used in the work, the opportunity of the individual for profit and loss, whether the principal has the right to discharge the individual, whether the work is part of the principal's regular business, the permanency of the relationship, and the relationship the parties believe they are creating. <u>Profl. & Executive Leasing, Inc. v. Commissioner</u>, 862 F.2d 751, 753 (9th

Cir. 1988), affg. 89 T.C. 225 (1987); Shelley v. Commissioner, T.C. Memo. 1994-432.

We apply these factors to the facts of this case. Merrill had the right to review Mr. Purdy's work as well as the right to forbid Mr. Purdy from conducting any outside business without prior approval. Merrill also retained the right to discharge Mr. Purdy and, in fact, did so. Merrill invested in the facilities in which Mr. Purdy worked as well as purchased furniture and office supplies for Mr. Purdy's use. Mr. Purdy held himself out as an employee of Merrill and was featured on the company's Web site. The financial advising work Mr. Purdy conducted was part of Merrill's regular business.

In addition, the parties treated Mr. Purdy as an employee. The two agreements Mr. Purdy signed consistently mentioned his employment with Merrill. Merrill paid Mr. Purdy a salary, withheld Federal and State taxes, and issued Mr. Purdy a W-2 every year. Mr. Purdy received benefits of the kinds an employee would receive, including health insurance and a retirement plan. Mr. Purdy reported the wages he earned as an employee consistently each year he was working at Merrill and even reported the settlement award as wages despite having been fired. At no time did he report any self-employment income from Merrill. Moreover, he claimed unreimbursed employee business expenses while he was working at Merrill. Mr. Purdy's tax returns during

his tenure at Merrill never included a Schedule C related to his financial adviser activities and instead included his expenses related to his advising as unreimbursed employee business expenses. Further, Ms. McHenry testified that she and Mr. Purdy were both employees of Merrill. Accordingly, we find and the record establishes that Mr. Purdy was an employee of Merrill.

Moreover, we are unconvinced that any partnership existed between Mr. Purdy and Ms. McHenry. Petitioners argue that a partnership existed because of the fee- and commission-splitting arrangement between Mr. Purdy and Ms. McHenry. We are not persuaded. Both Mr. Purdy and Ms. McHenry still received a salary from Merrill, and Ms. McHenry also received commissions from other financial advisers. Mr. Purdy and Ms. McHenry did not file a partnership return until after they had been fired from Merrill. The two agreements Mr. Purdy signed with Merrill did not mention any partnership, and Ms. McHenry was not a party to either agreement. Further, Mr. Purdy made no mention of a partnership in his claim for fraudulent inducement nor in his claim for wrongful termination. Mr. Purdy cannot now claim that he was involved in a partnership so that he may deduct the legal expenses in full rather than as a percentage of adjusted gross income. See Estate of Bean v. Commissioner, 268 F.3d 553 (8th Cir. 2001), affg. T.C. Memo. 2000-355. We find that Mr. Purdy

was not involved in a partnership with Ms. McHenry while he worked at Merrill.

We find that Mr. Purdy brought his claim as an employee of Merrill and not in any trade or business other than his employment or in a partnership with Ms. McHenry. Accordingly, we find that Mr. Purdy incurred these legal fees as an employee, not as an independent contractor, sole proprietor, or partner. We therefore sustain respondent's determination that the legal fees are deductible as unreimbursed employee business expenses on Schedule A.

We have considered all arguments made in reaching our decision, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.