T.C. Summary Opinion 2017-2

UNITED STATES TAX COURT

ELLEN M. SAS AND ROGER A. JONES, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14447-14S.                    Filed January 30, 2017.

Ellen M. Sas and Roger A. Jones, pro sese.

Kristin H. Joe, for respondent.

SUMMARY OPINION

PUGH, Judge: This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1] Unless otherwise indicated, all section references are to the Internal
Revenue Code of 1986, as amended and in effect for the years in issue. Rule
references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency respondent determined deficiencies with respect to petitioners' 2010 and 2011 Federal income tax of $7,166 and $14,189, respectively. The issue for decision is whether the amounts of $25,000 and $55,798 that petitioners deducted as legal fees for 2010 and 2011, respectively, should have been claimed as miscellaneous itemized deductions subject to limitation under section 67(a) as respondent determined.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference.

In 2008 Seattle Bank hired Ms. Sas as president and chief executive officer. On or around July 9, 2010, Ms. Sas received a "change of control" bonus of $612,000. Petitioners reported the bonus as wage income on their 2010 Form 1040, U.S. Individual Income Tax Return. On September 14, 2010, Seattle Bank terminated Ms. Sas' employment. On November 3, 2010, Seattle Bank filed a complaint against Ms. Sas alleging breach of fiduciary duty and attempting to recover the $612,000 bonus. On January 3, 2011, Ms. Sas filed her answer and counterclaims. Her counterclaims included a claim of employment discrimination.

All parties involved signed a settlement agreement and mutual releases effective May 17, 2011. The settlement agreement and mutual releases provide that Seattle Bank and Ms. Sas each pay nothing and release and dismiss all claims against each other. Petitioners paid $25,000 and $55,798 in legal expenses associated with this lawsuit in 2010 and 2011, respectively.

During 2010 and 2011 petitioners maintained an accounting and consulting business although the record is unclear as to whether there was more than one business and as to Ms. Sas' role. Petitioners filed a Schedule C, Profit or Loss From Business, with their 2010 Form 1040, reporting Mr. Jones as the sole proprietor. Petitioners' 2011 tax return is not part of the record, and their transcript for tax year 2011 indicates they reported no income on Schedule C and $293,385 on Schedule E, Supplemental Income and Loss. We assume for purposes of our analysis, and therefore find, that petitioners coowned an accounting and consulting business in 2011 and reported income from their business on their 2011 Schedule E.

On petitioners' Forms 1040 for 2010 and 2011 they reported "other income" in the negative amounts of $25,000 and $55,798, respectively, for the legal fees paid for the lawsuit with Seattle Bank. The notice of deficiency disallowed these expenses as negative other income but allowed them as miscellaneous itemized

deductions subject to the limitation in section 67(a), reducing the deductible amounts to $4,525 and $50,579 for 2010 and 2011, respectively. Petitioners timely petitioned the Court for redetermination while residing in the State of Washington.

## Discussion

### I. Burden of Proof

Ordinarily, the burden of proof in cases before the Court is on the taxpayer. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a), in certain circumstances, the burden of proof may shift from the taxpayer to the Commissioner. Petitioners have not claimed or shown that they meet the specifications of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

Deductions are a matter of legislative grace, and a taxpayer must prove his or her entitlement to a deduction. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

### II. Analysis

The parties do not dispute the amounts of legal fees incurred or their deductibility; the only dispute is whether the legal fees are miscellaneous itemized deductions subject to limitation under section 67(a). Petitioners offer two theories

for deducting the legal fees without limitation.  First, they claim that the legal fees are deductible under section 62(a)(20) as legal fees paid in connection with an action involving a claim of unlawful discrimination.  Alternatively they argue that the legal fees are deductible under sections 62(a)(1) and 162 as ordinary and necessary business expenses.

A.  Section 62(a)(20)

Generally, when a litigant's recovery constitutes taxable income, that income includes the portion of the recovery paid to the litigant's attorney. Commissioner v. Banks, 543 U.S. 426 (2005); Johnson v. Commissioner, T.C. Memo. 2009-156.  Section 62(a)(20) allows a deduction for the litigant's legal fees and court costs in connection with any action involving a claim of unlawful discrimination as defined under section 62(e).  As the Supreme Court explained in Commissioner v. Banks, 543 U.S. at 433, section 62(e)

> defines "unlawful discrimination" to include a number of specific
> [F]ederal statutes, §§ 62(e)(1) to (16), any [F]ederal whistle-blower
> statute, § 62(e)(17), and any [F]ederal, state, or local law "providing
> for the enforcement of civil rights" or "regulating any aspect of the
> employment relationship * * * or prohibiting the discharge of an
> employee, the discrimination against an employee, or any other form
> of retaliation or reprisal against an employee for asserting rights or
> taking other actions permitted by law," § 62(e)(18). * * *

In addition to requiring a claim for unlawful discrimination, section 62(a)(20) provides that the section "shall not apply to any deduction in excess of the amount includible in the taxpayer's gross income for the taxable year on account of a judgment or settlement * * * resulting from such claim." Petitioners attempt to fit their claimed deductions within this limitation by arguing that Ms. Sas included the bonus as income when it was received and was able to retain the bonus because of her counterclaims. Therefore, they reason, Ms. Sas' bonus was included in petitioners' gross income on account of a judgment or settlement relating to her action.

Contrary to petitioners' view, the "amount includible in the taxpayer's gross income" cannot reasonably be interpreted to include prevention of potential loss of income that would be includible in the absence of any claim. Ms. Sas' bonus was received and includible in petitioners' gross income because of her employment with Seattle Bank. Under the settlement agreement between Ms. Sas and Seattle Bank, neither party received any amount includible in gross income. Assuming arguendo that Ms. Sas' counterclaims were in connection with unlawful discrimination, Ms. Sas did not receive, and petitioners did not include in gross income for 2010 or 2011, any amount because of the settlement of her claims. Because the entire amount of petitioners' legal fees was "in excess of the amount

includible in * * * [their] gross income for the taxable year on account of" the settlement, petitioners may not deduct any of the legal fees under section 62(a)(20).

B. Section 162

Petitioners argue, in the alternative, that the legal fees are deductible as ordinary and necessary business expenses under section 162. Expenses are deductible under section 162 if the taxpayer establishes that they were ordinary, necessary, and paid or incurred during the tax year and were directly connected with, or proximately resulted from, a trade or business of the taxpayer. See Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352 (1971); Kornhauser v. United States, 276 U.S. 145, 153 (1928); O'Malley v. Commissioner, 91 T.C. 352, 361, 362 (1988).

The deductibility of legal fees under section 162 depends on the origin and character of the claim for which the legal fees were incurred and whether that claim bears a sufficient nexus to the taxpayer's business or income-producing activities. See United States v. Gilmore, 372 U.S. 39 (1963). The Supreme Court stated that "the origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer, is the controlling basic test". Id. at 49.

Petitioners do not argue that Ms. Sas' claim was rooted in their accounting business; rather, they argue that the lawsuit would have an adverse effect on Ms. Sas' professional reputation which in turn could damage the reputation of their accounting business. Therefore, petitioners contend, the legal fees were necessary expenses of their business.

The Court in Test v. Commissioner, T.C. Memo. 2000-362, 2000 WL 1738858, aff'd, 49 F. App'x 96 (9th Cir. 2002), dealt with a similar issue. In Test the taxpayer pursued legal claims related to her employment with the University of California, San Francisco (UCSF) as director of the Center of Prehospital Research and Training in part because she feared harm to her reputation which, in turn, would harm a business, Save-a-Life Systems (SLS), that she operated independent of her position at UCSF.

While she was launching SLS, the taxpayer's UCSF department became the subject of a State audit. Before a draft of the audit report was released publicly, the San Francisco Examiner published several stories about the audit. During this time the taxpayer retained counsel to respond to the negative publicity and attempted to prevent the public release of the draft of the audit report, among other things. The taxpayer claimed that she did so primarily to maintain her professional reputation which was important to the success of SLS. We held that

we must look to the origin of the claim and that the taxpayer's motives were not relevant. Id., 2000 WL 1738858, at *5. Because the claim originated in her employment at UCSF, not with her operation of SLS, the legal fees could not be claimed as business deductions on Schedule C but rather were properly claimed as miscellaneous itemized deductions on Schedule A, Itemized Deductions.

While petitioners may have been right that the clawback of Ms. Sas' bonus could harm her professional reputation and in turn petitioners' accounting business, we must look to the origin of the claim, not the potential consequences of a win or loss. See Gilmore, 372 U.S. at 49; Test v. Commissioner, 2000 WL 1738858, at *4. We find that Ms. Sas' claims arose from her status as a former employee of Seattle Bank, not from petitioners' accounting business, and petitioners hired an attorney because Seattle Bank was attempting to claw back a bonus Ms. Sas received in connection with her employment at Seattle Bank. Therefore, petitioners are not permitted to deduct the legal fees as ordinary and necessary expenses of their business under section 162.

## Conclusion

Because we sustain respondent's determination that petitioners must deduct the legal fees as miscellaneous itemized deductions subject to the 2% limitation in section 67(a) rather than under either section 62(a)(20) or section 162, we also

sustain the increase to petitioners' alternative minimum tax of $12,888 for tax year 2011, which is a computational adjustment.

Any contentions we have not addressed we deem irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.