[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12733; 11-12735; 11-12736
_____

Agency Nos. 14612-05; 20725-03; 18969-04


FOXWORTHY, INC.,

Petitioner - Appellant
Cross Appellee,

versus

COMMISSIONER OF IRS,

Respondent - Appellee
Cross Appellant.


_____

No. 11-13037; 11-15172; 11-15173; 11-15174
_____

Agency Nos. 24533-06; 601-05; 160-04; 21699-05


RON H. BELL,
TRICIA S. BELL,

Petitioners – Appellants,

versus

COMMISSIONER OF IRS,

Respondent - Appellee.

_____

Petitions for Review of a Decision of the
U.S. Tax Court
_____
(November 5, 2012)

Before BARKETT and JORDAN, Circuit Judges, and HODGES,[*] District Judge.

PER CURIAM:

Ron and Tricia Bell and Foxworthy Inc. appeal a Tax Court order sustaining notices of deficiencies issued by the Internal Revenue Service and holding that the Bells owed nearly $6 million in deficient tax payments, nearly $5.5 million in fraud penalties, and nearly $100,000 in late filing penalties.  At issue in this appeal are the Bells' tax liabilities for the tax years 1996-2001 and the tax liabilities of Foxworthy for the tax years 1999-2001. The Tax Court found that the Bells intentionally concealed income through a variety of domestic and offshore transactions that were shams or otherwise lacked economic substance. The Tax Court also found that Foxworthy was a sham corporation and was used by Mr. Bell for the sole purpose of repatriating offshore income and as a vehicle for tax

---

[*] Honorable Wm. Terrell Hodges, United States District Judge for the Middle District of Florida, sitting by designation.

deductible spending on personal consumption. As a result, the Tax Court held that Foxworthy's separate corporate identity must be disregarded for tax purposes and all of Foxworthy's income should be imputed to the Bells.

We review the Tax Court's findings under the clearly erroneous standard. Bone v. C.I.R., 324 F.3d 1289, 1293 (11th Cir. 2003).   Having reviewed the record and considered the oral argument of counsel, we cannot say that the Tax Court's findings of fact were clearly erroneous. Nor do we find error in the Tax Court's conclusions of law.

**AFFIRMED.**