T.C. Summary Opinion 2016-68

UNITED STATES TAX COURT

DENNIS K. HICKS AND SHERRY L. HICKS, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26484-13S.                          Filed October 17, 2016.

Dennis K. Hicks and Sherry L. Hicks, pro sese.

<u>Alexander D. DeVitis</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, subsequent section references are to the

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In notices of deficiency dated August 9 and September 24, 2013 (notices), respondent determined deficiencies in petitioners' Federal income tax and imposed accuracy-related penalties as follows:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|----------------------|
| 2009 | $7,364 | $1,473 |
| 2010 | 10,240 | 2,048 |
| 2011 | 8,883 | 1,777 |

The issues for decision for each year are whether petitioners are: (1) entitled to various trade or business expense deductions claimed on a Schedule C, Profit or Loss From Business, in excess of the amounts that respondent allowed and (2) liable for a section 6662(a) accuracy-related penalty.

Background

Some of the facts have been stipulated and are so found. At the time that the petition was filed, and at all other times relevant here, petitioners resided in California.

_____

[1](...continued)
Internal Revenue Code in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

During the years in issue Dennis K. Hicks (petitioner) was employed as a sales engineer for Freescale Semiconductor, Inc., and Sherry L. Hicks was employed as an office manager for Innovative Stamping Co. Petitioners have three children, Kyle, Stacey, and Sarah. At least two of petitioners' children were students during one or more of the years at issue, and all were older than 18 as of the date of trial.

A Schedule C for a business identified as SC Management is included with petitioners' Federal income tax return for each year in issue. Depending upon the year, one or the other of petitioners is shown to be the sole proprietor of the business. The relevant detail of the items shown on each of the Schedules C will be set forth later in this opinion.

SC Management

Petitioners, or at least one of them, established SC Management in 2005. According to petitioner, its stated purpose was to manage the careers of the Hicks family. Although the exact services that the business was intended to provide with respect to the career(s) of each family member are less than clear, it appears that each family member agreed to contribute a portion of income earned from outside sources to SC Management in return for whatever services the family member

received.  During the years in issue the income shown on the Schedules C is attributable to amounts petitioner and one of his children earned.

Education Expenses

During 2009 Kyle was a candidate for a bachelor of music in performance degree at Musicians Institute in Los Angeles.  His tuition and related expenses totaled $7,700 for that year.  Sarah attended the Marinello Schools of Beauty during 2009.  She studied esthetics, cosmetology, and beauty techniques.  Her tuition and related expenses, paid with student loans, totaled $10,175.

Use of Vehicles

During the years in issue petitioner, Kyle, Stacy, and Sarah used the family's cars--a 2007 Honda CRV, a 2006 Mini Cooper, and a 2005 Nissan Altima--for a mix of business and personal travel.  Petitioners maintained a mileage log for each vehicle for each year in issue.  According to the logs, most of petitioner's travel was related to an electronic device that he was developing as an independent contractor.[2]  According to the logs, Kyle's and Sarah's travel was largely related to commuting from home to their respective schools.

---

[2]All of the trade or business expense deductions at issue, including those relating to travel, were reported on petitioners' Schedules C for SC Management.

Petitioners' Indiana House

In 2008 petitioners moved from their residence in Indiana (former residence) to a house that they rented in California. The former residence was briefly rented to a coworker of petitioner; otherwise petitioners' attempts to rent it out or sell it were not successful. While it was otherwise vacant, petitioner stored some work-related equipment there. Apparently, petitioners defaulted on the mortgage loan on the former residence, and foreclosure proceedings were commenced in or around May 2010. In connection with the foreclosure proceedings, the mortgagee charged petitioners $2,121 for various expenses, including inspection, photos, and title fees.

In March 2010 the mortgagee had the locks changed on petitioners' former residence. As a result, petitioners did not have routine access to their former residence or the equipment stored there. During that year petitioners paid an attorney $1,000 for legal advice in connection with the foreclosure proceedings. Petitioners maintained some type of insurance on their former residence, but the record does not disclose the details of the coverage provided by the policy.

Nothing in the record suggests that petitioners made any attempt to retrieve any of the equipment from their former residence during 2010 or 2011 or that any of the equipment that was stored there was used in connection with their business

during 2010 or 2011. Later, in 2012, petitioners received permission from the mortgagee to enter the former residence and retrieve the equipment.

Petitioners' Income Tax Returns

One or the other of petitioners prepared and timely filed a joint Federal income tax return for each of the years in issue. As noted, each return includes a Schedule C for SC Management.[3]

On the 2009 Schedule C petitioners reported $500 of gross receipts, claimed expense deductions that total $55,874, and reported a net loss of $55,374 which is taken into account in the computation of the $180,694 adjusted gross income reported on their 2009 return. The deductions claimed on the 2009 Schedule C include: (1) $25,094 for car and truck expenses and (2) $17,516 for other expenses. The deduction for other expenses includes Kyle's tuition at Musicians Institute and Sarah's tuition at Marinello Schools of Beauty.

On the 2010 Schedule C petitioners reported $440 of gross receipts, claimed expense deductions that total $59,203, and reported a net loss of $58,763 which is taken into account in the computation of the $213,948 adjusted gross income reported on their 2010 return. The deductions claimed on the 2010 Schedule C

---

[3]Petitioners' 2011 Federal income tax return includes two Schedules C. We concern ourselves only with the one for SC Management.

include: (1) $17,219 for car and truck expenses; (2) $3,377 for insurance (other than health); (3) $21,432 for interest (other);[4] and (4) $4,280 for legal and professional services.

On the 2011 Schedule C petitioners reported $1,800 of gross receipts, claimed expense deductions that total $45,470, and reported a net loss of $43,670 which is taken into account in the computation of the $213,913 adjusted gross income reported on their 2011 return. The deductions claimed on the 2011 Schedule C include: (1) $21,753 for car and truck expenses and (2) $17,363 for interest (other).[5]

There is no deduction for wages claimed on any of the Schedules C.

Notices of Deficiency

In the notices and as relevant here respondent: (1) disallowed car and truck expense deductions of $4,571, $1,473, and $9,513, respectively, claimed on the 2009, 2010, and 2011 Schedules C for SC Management; (2) disallowed the deduction for other expenses claimed on the 2009 Schedule C for SC

---

[4]The 2010 interest (other) expense consists of interest payments on Kyle's student loans, and student loan disbursements used to pay Kyle's tuition at Musicians Institute.

[5]The 2011 interest (other) expense consists of interest payments on Kyle's student loans, credit card interest, and homeowners insurance expenses on the former residence.

Management; (3) disallowed a dependency exemption deduction for Kyle for 2009;[6] (4) disallowed the deductions for insurance (other than health), interest (other), and legal and professional services claimed on the 2010 Schedule C for SC Management; and (5) disallowed the deduction for interest (other) claimed on the 2011 Schedule C for SC Management. Respondent also imposed section 6662(a) accuracy-related penalties on several grounds, including "negligence or disregard of rules or regulations" and "substantial understatement of income tax", for each year in issue. Other adjustments made in the notice are computational and need not be addressed.

## Discussion

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction.[7] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to substantiate expenses underlying deductions claimed by keeping and producing adequate records that enable the Commissioner

---

[6]Petitioners concede this adjustment.

[7]Petitioners do not claim and the record does not otherwise demonstrate that the provisions of sec. 7491(a) are applicable here, and we proceed as though they are not.

to determine the taxpayer's correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. See sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90; sec. 1.6001-1(a), Income Tax Regs. On the other hand, a taxpayer is not entitled to a deduction for personal, living, or family expenses. Sec. 262.

I. Schedule C Deductions

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business. Sec. 162(a); Boyd v. Commissioner, 122 T.C. 305, 313 (2004). To be ordinary the expense must be of a common or frequent occurrence in the type of business involved. Deputy v. du Pont, 308 U.S. 488, 495 (1940). To be necessary an expense must be appropriate and helpful to the taxpayer's business. Welch v. Helvering, 290 U.S. 111, 113 (1933). The expenditure must be directly connected with or pertaining to the taxpayer's trade or business. Sec. 1.162-1(a), Income Tax Regs. The determination of whether an

expenditure satisfied the requirements for deductibility under section 162 is a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

Section 274(d) imposes strict substantiation requirements for travel, entertainment, gift, and listed property (including passenger automobiles) expenses. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Under section 274(d), the taxpayer generally must substantiate either by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the amount of the expense; (2) the time and place the expense was incurred; (3) the business purpose of the expense; and (4) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred. For listed property expenses, the taxpayer must establish the amount of business use and the amount of total use for such property. See sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs.,

50 Fed. Reg. 46017 (Nov. 6, 1985). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required elements. Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

Informed by these fundamental principles of Federal income taxation, we turn our attention to the issues remaining in dispute.

A.  Car and Truck Expenses

For each year in issue petitioners claimed a deduction for car and truck expenses on the Schedule C for SC Management related to the use of their 2007 Honda CRV, 2006 Mini Cooper, and 2005 Nissan Altima. They deducted $25,094, $17,219, and $21,753 of car and truck expenses for 2009, 2010, and 2011, respectively, on the basis of miles driven. As noted, in the notices of deficiency respondent disallowed deductions of $4,571, $1,473, and $9,513 for 2009, 2010, and 2011, respectively.[8]

According to petitioners' 2009-11 mileage logs, petitioner drove one or the other of the vehicles between petitioners' residence and various locations in connection with the work he was then doing as an independent contractor. Most

[8]We note that with respect to 2011, it appears that respondent allowed a deduction for all of the miles that petitioners identified as having a business purpose.

of the miles logged for Kyle and Sarah represent driving between the family's residence and their respective schools.

We are satisfied that petitioners' mileage logs are sufficiently detailed as required by section 274(d), but that detail does not, in and of itself, make the recorded mileage deductible. As best we can tell from what has been submitted, many of the miles that petitioners reported include nondeductible miles driven for personal reasons. This is particularly so with respect to the entries attributable to Kyle and Sarah. Eliminating the miles apparently driven for personal purposes substantially reduces petitioners' otherwise allowable deductions. They are not entitled to deductions for car and truck expenses in excess of those respondent has already allowed.

B. Education Expenses

For each year in issue petitioners claimed a deduction for Kyle's and Sarah's respective school tuition and associated fees, including student loan interest payments and student loan disbursements. According to petitioners, those expenses are deductible business expenses because they qualify as ordinary and necessary training expenses within the meaning of section 162(a). According to petitioners, business organizations routinely pay for training for their employees. That might be true, but it does not appear from what has been submitted that Kyle

and/or Sarah were employees of SC Management during any of the years in issue. But even if they were, we note that parents routinely pay higher education expenses for their children, and those expenses, routinely, are not deductible. See sec. 262. We find that petitioners are not entitled to deductions related to the educational expenses of their children, regardless of how the deduction is identified or described on the Schedules C, and respondent's disallowances of those deductions are sustained.

C. Homeowners Insurance Expenses for 2010 and 2011

Petitioners claimed deductions for homeowners insurance expenses on the SC Management Schedules C attached to their 2010 and 2011 returns.[9] According to petitioners, these expenses are attributable to the cost of homeowners insurance and utilities for their former residence and are deductible business expenses because they were no longer living in the former residence during the years in issue and some items relating to Mr. Hicks' engineering business were stored there.

---

[9]For 2010 petitioners claimed a $3,377 deduction for insurance (other than health) which relates entirely to homeowners insurance for the former residence. Petitioners now claim that they are entitled to a $16,170 homeowners insurance expense deduction for 2010. For 2011 petitioners claimed a $17,363 deduction for interest (other), part of which relates to homeowners insurance for the former residence.

As stated above, generally, personal, living, or family expenses are nondeductible. Sec. 262(a); sec. 1.262-1(a), Income Tax Regs.

Petitioners have not provided a copy of their insurance policy to establish whether the former residence was insured for personal as well as business purposes. Cf. Foxworthy, Inc. v. Commissioner, T.C. Memo. 2009-203, 2009 WL 2877850, at *10, aff'd, 494 F. App'x 964 (11th Cir. 2012). Therefore, it is unclear whether any of the business items stored in the former residence were actually covered by the homeowners insurance policy. Consequently, petitioners have failed to establish a business nexus between petitioners' homeowners insurance policy on the former residence and the equipment locked inside. Accordingly, petitioners are not entitled to deduct the homeowners insurance expenses for the former residence.

D. Credit Card Interest Expenses for 2011

Petitioners' interest (other) expense reported on the SC Management Schedule C attached to their 2011 return includes $242 of interest expenses attributable to credit card interest. Petitioners provided a copy of a bank statement for 2011 showing total interest charged of $242; however, petitioners have not provided any documentation or testimony regarding the business nature of the charges giving rise to the interest nor whether such interest was actually paid

during 2011.  See sec. 162(a); secs. 1.446-1(c)(1), 1.461-1(a), Income Tax Regs.

Accordingly, petitioners are not entitled to a deduction for credit card interest.

E.  Legal and Professional Service Expenses for 2010

Petitioners claimed a $4,280 deduction for legal and professional service

expenses on the SC Management Schedule C attached to their 2010 return.

According to petitioners, this deduction includes the legal costs associated with

petitioner's engineering work as well as the legal fees and bank charges

(inspection, photos, and title fees) incurred during the foreclosure proceedings

with respect to the former residence.

The deductibility of legal fees depends on the origin and character of the

claim for which the expenses were incurred and whether the claim bears a

sufficient nexus to the taxpayer's business or income-producing activities.  See

United States v. Gilmore, 372 U.S. 39 (1963); see also Test v. Commissioner, T.C.

Memo. 2000-362, 2000 WL 1738858, at *4-*5, aff'd, 49 F. App'x 96 (9th Cir.

2002).  Legal expenses are deductible under section 162(a) as ordinary and

necessary business expenses if the expense is directly connected with, or

proximately related to, the taxpayer's business.  Bingham Tr. v. Commissioner,

325 U.S. 365, 373, 374 (1945); Rafter v. Commissioner, 60 T.C. 1, 8 (1973), aff'd

without published opinion, 489 F.2d 752 (2d Cir. 1974).

### 1.  Legal Expenses Related to the Former Residence

According to petitioners, the legal and professional expenses relating to the former residence are deductible business expenses because they were no longer living there and some business items were stored there during the years in issue. However, there is nothing in the record to show that any business activity occurred in or near Indiana during the relevant time.  Moreover, the origin of the underlying claim was not related to the trade or business of SC Management but to petitioners' interest in preventing foreclosure on the former residence.  Incurring legal expenses to prevent foreclosure of their former residence is a personal expense.  Therefore, petitioners are not entitled to a deduction for legal and professional service expenses relating to the former residence for 2010.

### 2.  Other Legal Expenses

A portion of the legal expense deduction is attributable to petitioner's development of an electronic device.  Petitioners paid $225 to an intellectual property law firm and $923 to the Web site legalzoom.com for services related to that device and petitioner's work as an independent contractor.  Accordingly, petitioners are entitled to a $1,148 deduction for legal and professional service expenses for 2010.

## II.  Accuracy-Related Penalties

Lastly, we consider whether petitioners are liable for a section 6662(a)

accuracy-related penalty for any of the years in issue.  Relying upon various

grounds, respondent argues that they are.  See sec. 6662(a)-(d).

Section 6662(a) imposes a penalty of 20% of the portion of an

underpayment of tax attributable to a substantial understatement of income tax.

Sec. 6662(b)(2).  An understatement of income tax is substantial within the

meaning of section 6662 if, as relevant here, the understatement exceeds $5,000.

See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

Respondent bears the burden of production with respect to the imposition of

the penalties imposed in the notice and here in dispute, see sec. 7491(c), and that

burden has been satisfied because the understatement of income tax for each year

in issue (here computed in the same manner as the deficiency) exceeds $5,000, see

secs. 6211, 6662(d)(2), 6664(a).  That being so, it is petitioners' burden to

establish that the imposition of the penalty is not appropriate.  See Higbee v.

Commissioner, 116 T.C. 438, 447 (2001); see also Rule 142(a); Welch v.

Helvering, 290 U.S. at 115.

Section 6664(c)(1) provides that the section 6662(a) accuracy-related

penalty does not apply to any portion of an underpayment if the taxpayer

establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment. Sec. 1.6664-4(a), Income Tax Regs. The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. Id. para. (b)(1). "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Id.

Virtually all of the deductions here in dispute have been disallowed because they relate to personal rather than business expenses. Petitioners have not shown reasonable cause, substantial authority, or any other basis for treating any personal expenses as business expenses. Accordingly, respondent's imposition of a section 6662(a) accuracy-related penalty for each year in issue is sustained.

To reflect the foregoing,

Decision will be entered

under Rule 155.